United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-31174
Summary Calendar

_____

KANDAYCE WHITEHEAD, individually and as administratrix of
the Estate of her Husband, William Lester Whitehead

Plaintiff -
Appellant

versus.

ABB LUMMUS GLOBAL BV

Defendant -
Appellee

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(No. 3:04-CV-269)

_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The district court dismissed Whitehead's suit against ABB Lummus Global, B.V.

("ABB Lummus") for lack of personal jurisdiction. Whitehead appeals, and we affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Whitehead's husband died in 2003 while working on a project in Algeria. He was employed by Petrofac International, Ltd. ("Petrofac"). Petrofac and ABB Lummus, a Netherlands-based company, were joint venturers in the project. Whitehead, individually and as administratrix of her deceased husband's estate, filed a suit in diversity against Petrofac and the Houston-based corporation ABB Lummus Global, Inc. ("ABB Global"), alleging negligence and wrongful death. After ABB Global was dismissed from the suit (because it was not involved in the Algeria project), Whitehead amended her complaint to include ABB Lummus as a co-defendant.

Petrofac submitted to the jurisdiction of the Louisiana district court but filed a 12(b)(6) motion to dismiss based on the exclusivity provisions of the Louisiana Worker's Compensation Act. *See* LA. REV. STAT. ANN. § 23:1032(A). The district court granted the motion. Subsequently, ABB Lummus moved for dismissal based on lack of personal jurisdiction. The district court granted the motion, and in its ruling, the district court determined that Whitehead had not established that ABB Lummus had minimum contacts with Louisiana because Whitehead had only alleged that an unknown representative, possibly affiliated with ABB Lummus, met with Whitehead's husband in Texas in order to provide him with an airplane ticket to Algeria. Whitehead timely appealed.

## II. DISCUSSION

This court reviews *de novo* the district court's dismissal for lack of personal jurisdiction. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

2

In order for personal jurisdiction to satisfy due process requirements, a plaintiff must establish that the defendant had minimum contacts with the forum state and that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Id.* Personal jurisdiction may be general or specific. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). Where the defendant's contacts are "continuous and systematic, a court may exercise general jurisdiction." *Id.* (internal quotation omitted). Where a defendant's contacts are relatively few but give rise to the suit, then a court may exercise specific jurisdiction. *Id.*

Whitehead essentially makes three arguments on appeal. First, she argues, as she did in the district court, that, because Petrofac consented to jurisdiction, ABB Lummus, as the joint venturer, also consented to jurisdiction. Whitehead points out that parties to a joint venture are mutually liable for injuries sustained by their venture. Whitehead contends that, from this proposition, it follows that if one party submits to the jurisdiction of the court, then the other party to the joint venture necessarily submits to jurisdiction as well. Second, she claims that an ABB Lummus representative's contact with her husband in Texas suffices to show specific jurisdiction. Third, she maintains that there was general jurisdiction because ABB Lummus and ABB Global are affiliated entities that share employees and share information through a website that can be accessed worldwide.

We reject Whitehead's arguments and agree with the district court. She cites no authority for the proposition that a joint venturer becomes subject to the personal jurisdiction of a federal court solely because another joint venturer consents to such

3

jurisdiction. Additionally, she alleges that a representative provided an airline ticket to her husband, but she does not demonstrate that the representative was from ABB Lummus; this allegation does not confer specific jurisdiction. *See, e.g., Moncrief*, 481 F.3d at 311–12. Finally, ABB Lummus states that, as a company based in the Netherlands, it has no corporate officers, subsidiaries, or property in the United States, nor is it qualified to do business in this country. ABB Lummus also avers that none of its employees reside or are assigned to work in the United States. ABB Lummus does not have continuous and systemic contacts to warrant general jurisdiction. *See Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374–75 (5th Cir. 1987). "The plaintiff bears the burden of establishing jurisdiction," *Seiferth*, 472 F.3d at 270, and we hold that Whitehead has not met that burden here.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.