# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-31003
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2018

Lyle W. Cayce
Clerk

EVERETT BLAKES,

      Plaintiff - Appellant

v.

DYNCORP INTERNATIONAL, L.L.C.,

      Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-1

Before CLEMENT, COSTA, and WILLETT, Circuit Judges.

PER CURIAM:*

Before the court is the district court's grant of DynCorp, L.L.C.'s ("DynCorp") motion to dismiss for lack of personal jurisdiction. For the following reasons, we AFFIRM.

I.

DynCorp is a Delaware limited liability company, headquartered in Virginia, with no physical presence in Louisiana. It neither leases nor owns

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property in Louisiana and none of its officers or directors reside, or are domiciled, in the state. DynCorp employed Everett Blakes, a Louisiana resident, as an Escort Monitoring Technician at Bagram Airfield in Afghanistan, under a Foreign Service Employment Agreement ("FSA").

DynCorp negotiated the FSA with Blakes through a series of email communications and phone calls. DynCorp also required him to submit an application through its website. Blakes took part in the application and negotiation process from his Louisiana home, where he also signed a conditional offer of employment. Additionally, Blakes completed several forms and sent them to DynCorp from his home. However, Blakes signed the FSA in Florida, where he travelled to complete training for the job.

The FSA contained choice of law and choice of forum provisions, dictating that any disputes arising from the contract would be governed by Afghan law and would be resolved in an Afghan forum. Further, the FSA contemplated performance solely in Afghanistan, where, the parties agree, the FSA was, in fact, performed. DynCorp deposited Blakes's wages into his Louisiana bank account, withholding the requisite Louisiana state income tax.

Blakes brought this action against DynCorp for breach of contract on behalf of himself and a putative class, in the Middle District of Louisiana. He alleged that DynCorp failed to pay wages and other benefits owed pursuant to the Afghan Labor Law, the Louisiana Wage Payment Statute, and the terms of the FSA.

The district court determined that DynCorp's contacts with Louisiana were insufficient to support the exercise of specific personal jurisdiction. Additionally, the district court found that Blakes's cause of action did not arise from DynCorp's alleged contacts with Louisiana. Rather, the court determined that it arose from DynCorp's alleged failure to perform the contract in

No. 17-31003

Afghanistan. Accordingly, the district court declined to exercise personal jurisdiction over DynCorp and granted its motion to dismiss. Blakes timely appealed.

## II.

A district court's dismissal of a complaint for lack of personal jurisdiction is subject to *de novo* review. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014).

## III.

The district court did not err in dismissing Blakes's complaint for lack of personal jurisdiction. Although Blakes was only required to make a *prima facie* showing to establish the district court's personal jurisdiction over DynCorp, he failed to meet his burden. *See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

In order to determine whether a district court may exercise specific personal jurisdiction over a party in a manner consistent with due process, this circuit employs a three-pronged test:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[1]

*Monkton*, 768 F.3d at 433 (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

---

[1] If a plaintiff establishes the first two prongs of the test, the burden shifts to the defendant "to show that exercising jurisdiction would be unfair or unreasonable." *Monkton*, 768 F.3d at 433. Because Blakes fails on the first two prongs, we need not reach the third.

No. 17-31003

We have consistently held that "merely contracting with a resident of [a] forum state" does not create minimum contacts sufficient to establish personal jurisdiction over a nonresident defendant. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986). This is particularly true when an out-of-state defendant has no physical presence in the forum, conducts no business there, and the contract at issue "was not signed in the state and did not call for performance in the state." *Monkton*, 768 F.3d at 433. Furthermore, neither communications between the parties leading up to the execution of a contract nor payments sent to the forum state suffice to justify the exercise of personal jurisdiction. *See Fruedensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344-45 (5th Cir. 2004).[2] Finally, foreign choice of law provisions and foreign performance "severely diminish[]" "[t]he significance of . . . alleged minimum contacts." *Id.* at 345.

The facts at issue here fall squarely within our circuit's personal jurisdiction jurisprudence. DynCorp had no physical presence in Louisiana. Prior to the execution of the FSA, it merely exchanged information with Blakes electronically and by telephone while he was at his Louisiana home. Moreover, the contract between DynCorp and Blakes was signed in Florida, contained a foreign choice of law clause, and was performed in Afghanistan. DynCorp's only contact with Louisiana subsequent to executing the FSA was depositing

---

[2] Blakes's attempt to distinguish *Freudensprung* is misguided. Although Blakes is correct to note that the plaintiff in *Freudensprung* was not a party to the contract at issue, we found that fact significant only in relation to the question of whether the litigation arose out of the defendant's alleged minimum contacts with the forum state. *Fruedensprung*, 379 F.3d at 344. We went on to address the question of the defendant's minimum contacts themselves, finding them insufficient to support the district court's exercise of personal jurisdiction. *Id.* at 344-45. The relevance of *Fruedensprung* for an analysis of DynCorp's alleged Louisiana contacts, therefore, stands.

4

Blakes's wages into his Louisiana bank account.[3] Accordingly, the district court correctly determined that DynCorp did not have sufficient minimum contacts with Louisiana to support the court's exercise of personal jurisdiction.[4]

The district court also determined that Blakes's cause of action did not arise out of DynCorp's alleged contacts with Louisiana, but instead out of its allegedly deficient performance of the FSA in Afghanistan. Because we agree with that finding and because Blakes has failed to establish that DynCorp had sufficient minimum contacts with Louisiana, we need not separately address the question of the source of Blakes's cause of action. *See Monkton*, 768 F.3d at 433-34.

AFFIRMED.

---

[3] Blakes also contends, but never supports with authority, that DynCorp purposefully availed itself of the privileges of conducting business in Louisiana by withholding Louisiana state income taxes from his wages and making tax withholding payments to the Louisiana Department of Revenue. We disagree. The Eastern District of Louisiana's decision in *Sciortino v. CMG Capital Management Group, Inc.* is instructive. The district court declined to exercise personal jurisdiction over a nonresident defendant where the plaintiff, arguing in favor of jurisdiction, relied in part on defendant-company's deposits of wages into a Louisiana bank account and its withholding of Louisiana income taxes. *Sciortino v. CMG Capital Management Group, Inc.*, No. 16-11012, 2016 WL 4799099, at *6-7 (E.D. La. Sept. 14, 2016). By withholding state taxes and paying them to the Louisiana Department of Revenue, DynCorp did not seek to avail itself of the benefits of Louisiana's laws. It simply did what the law required it to do in conjunction with an activity—sending payments to another state—that this court has previously found insufficient to support the exercise of specific personal jurisdiction. *See Freudensprung*, 379 F.3d at 345. DynCorp's payments and tax withholdings arose out of the "mere fortuity" that Blakes lived in Louisiana, from which fortuity "purposeful availment . . . cannot be inferred." *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985).

[4] Blakes's reliance on out-of-circuit case law—*Pike v. Clinton Fishpacking, Inc.,* 143 F.Supp.2d 163 (D.Mass. 2001) and *O' Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312 (3rd Cir. 2007)—is unavailing, in light of the available body of controlling Fifth Circuit precedent.