# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20064
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2018

Lyle W. Cayce
Clerk

E. DRAKE,

      Plaintiff - Appellant

v.

MURPHY, AUSTIN, ADAMS, SCHOENFELD; NIELLO PERFORMANCE MOTORS, INCORPORATED; RICHARD SEEBORG; GARLAND E. BURRELL, JR.; EDWARD J. GARCIA; LAWRENCE K. KARLTON; JOHN A. MENDEZ; KIMBERLY J. MUELLER; TROY L. NUNLEY; WILLIAM B. SHUBB; LAWRENCE J. O'NEILL; EDMUND F. BRENNAN; ALLISON CLAIRE; CRAIG M. KELLISON; MICHAEL J. SENG; JENNIFER L. THURSTON,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1826

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20064

Plaintiff-Appellant Eric Drake, proceeding pro se, sued Defendant-Appellees (1) Murphy, Austin, Adams, Schoenfeld ("Murphy Austin"), a California law firm, and (2) Niello Performance Motors, Inc. ("Niello"), a California automobile dealership, asserting numerous claims, including fraud and violations of the federal odometer laws. This is the fourth suit Drake has filed against Niello relating to the 2014 sale of a 2003 Mercedes Benz Model C-32.[1] Murphy Austin represented Defendant-Appellee Niello in the previous lawsuits.

In 2013, Drake saw Niello's Cars.com advertisement for a 2003 Mercedes Benz Model C-32. He contacted Niello about purchasing the car, but they were not able to reach an agreement about the terms and conditions of the sale. When negotiations faltered, Drake sued Niello in the Southern District of Texas, McAllen Division. The parties settled, and Drake voluntarily dismissed that case.

Drake traveled to Sacramento, California to sign the settlement agreement. One of the terms of that agreement was that Niello would sell the car to Drake. Under the agreement's terms, Niello delivered the car to Shipping Experts, a California shipping company and a nonparty to this suit, to ship the car from California to Drake in Texas.

Drake then filed three more lawsuits based on the sale and transportation of the car: one in the Northern District of Texas; another in the Northern District of California; and the third, the instant case, in the Southern District of Texas, Houston Division. Drake's primary claim is that the mileage on the car's odometer differed from the mileage set out in the settlement

---

[1] This court has recently acknowledged that "Drake has been declared a vexatious litigant in Texas state courts . . . ." *Drake v. Costume Armour, Inc.*, No. 17-20671, 2018 WL 4261989, at *1 (5th Cir. Sept. 6, 2018).

agreement. Niello had not appeared, answered, or filed any responsive pleadings in the earlier suits filed in Texas.

In the instant case, Murphy Austin and Niello specially appeared and moved to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. The district court held a hearing at which it considered the settlement agreement and declarations from Niello's general counsel and a Murphy Austin representative that set out the jurisdictional facts for each entity. The district court granted the motions to dismiss at the hearing. The district court then entered an order confirming that it had granted Murphy Austin's and Niello's motions to dismiss for lack of personal jurisdiction, "as explained on the record."

Drake moved for reconsideration, and the district court denied the motion. On appeal, Drake did not provide a transcript of the hearing at which the district court dismissed the case for lack of jurisdiction.

We review a district court's dismissal of a complaint for lack of personal jurisdiction de novo.[2] We apply a three-step analysis for our specific personal jurisdiction inquiry:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[3]

We have now reviewed in detail the entire record on appeal, including the parties' briefs and the record excerpts. We note that Murphy Austin is a

---

[2] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014).

[3] *Id.* at 433 (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

law firm organized under the laws of California, has no offices in Texas, does not advertise in Texas, and has no attorney licensed to practice law in Texas. Similarly, Niello is a California company, has no offices, dealerships, bank accounts, or a registered agent in Texas, and does not regularly conduct business in Texas or directly target its advertisements to Texas residents. Drake signed the settlement agreement in California and agreed to purchase the car there. Niello's only relevant contact with Texas was its Cars.com advertisement, which was not specifically directed at Texas.

We agree with the district court that neither Murphy Austin nor Niello has sufficient minimum contacts with Texas to give rise to specific personal jurisdiction there. "We have consistently held that 'merely contracting with a resident of [a] forum state' does not create minimum contacts sufficient to establish personal jurisdiction over a nonresident defendant."[4] This is particularly true when, as here, "an out-of-state defendant has no physical presence in the forum, conducts no business there, and the contract at issue 'was not signed in the state and did not call for performance in the state.'"[5] Neither are Defendants' contacts with Texas sufficiently "substantial, continuous and systematic" to render them "essentially at home" in Texas.[6]

We conclude that the district court's analysis and conclusions are correct in all respects and are free of reversible error. We therefore affirm that court's dismissal of this action.

AFFIRMED.

---

[4] *Blakes v. DynCorp Int'l, L.L.C.*, 732 F. App'x 346, 347 (5th Cir. 2018) (quoting *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986)).

[5] *Id.* (quoting *Monkton*, 768 F.3d at 433).

[6] *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101–02 (5th Cir. 2018) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).