# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2021

Lyle W. Cayce
Clerk

No. 19-30993

Bruce Alexander,

*Plaintiff—Appellant*,

*versus*

Anheuser-Busch, L.L.C., improperly named as Anheuser-Busch; Joao Mauricio Giffoni de Castro Neves; Anheuser-Busch Inbev Worldwide, Incorporated; Carlos Brito,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CV-738

Before Jones, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Personal jurisdiction refers to a court's power to exercise authority over a particular defendant, and that power is subject to various limitations. This case asks us to decide whether the district court correctly concluded

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that it lacked personal jurisdiction over the defendants in this action.  We hold that it did.

## I.

Bruce Alexander, proceeding *pro se*, filed a complaint in federal court.  In it he claims to have testified at a murder trial in 2006.  His testimony seemingly did not favor the accused because sometime thereafter, Alexander claims, the criminal defendant's father hired the Sheriff of Morehouse Parish and the local division of the Federal Bureau of Investigation to kill him.  These hit men purportedly organized all the local business owners, business managers, and doctors to place Alexander under constant surveillance and poison him.  He alleged that "they conspired with the Bud Light, Budweiser, and Busch Company and/or distributors" to poison his beer, causing him to have heart attacks, hemorrhaging, and other ongoing medical problems.

Alexander named as defendants Anheuser-Busch Worldwide ("AB Worldwide"); Anheuser-Busch, LLC; CT Corporation System, Registered Agent ("CT Corporation"); Joao Mauricio Giffoni de Castro Neves, the former Zone President, North America, of Anheuser-Busch, LLC; and Carlos Brito, the CEO of Anheuser-Busch InBev SA/NV, a Belgian company.    He sought $55,000,000 in compensatory damages and $150,000,000 in punitive damages.

Despite having named CT Corporation as a defendant, Alexander made no allegations against it.  The other four defendants filed motions to dismiss, arguing lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  To support their motions, they submitted declarations about the business and operations of Anheuser-Busch companies in Louisiana.  The declarations indicated that AB Worldwide is a Delaware corporation with its principal place of business in Missouri, that the company

is not registered to conduct business in Louisiana, and that it does not conduct business in Louisiana. They also stated that Anheuser-Busch, LLC is a Missouri company with its principal place of business in Missouri, and that it distributes its products through a network of independent wholesalers, including some in Louisiana, but that the company has no ownership interest in a Louisiana-based wholesaler. The declarations further noted that although Anheuser-Busch, LLC has seven employees in Louisiana, it does not maintain a regional office there and its sales there account for two percent of its sales in the United States.

In response, Alexander asserted that CT Corporation of Baton Rouge is a registered agent for Anheuser-Busch, LLC and that the presence of a registered agent in the state shows that the company does business in the state.

A magistrate judge recommended granting the motions to dismiss for lack of personal jurisdiction and, alternatively, for failure to state a claim. And without ruling on the alternative recommendation that the complaint failed to state a claim, the district court accepted the magistrate judge's report and recommendation, dismissing the claims without prejudice for lack of personal jurisdiction. This appeal followed.

## II.

We review a district court's dismissal for lack of personal jurisdiction *de novo*. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016). The plaintiff bears the burden of establishing jurisdiction by presenting at least *prima facie* evidence thereof. *Id.*

A federal court may exercise personal jurisdiction over a nonresident defendant if "the forum state's long-arm statute extends to the nonresident defendant and the exercise of jurisdiction comports with due process." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). Here the

inquiry is reduced to whether jurisdiction comports with federal constitutional guarantees because "[t]he limits of the Louisiana long-arm statute are coextensive with constitutional due process limits." *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010).

The Fourteenth Amendment's Due Process Clause limits the power of a court to exercise jurisdiction over a defendant. That provision prevents a tribunal from exercising authority unless the defendant has "such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)). The inquiry thus focuses "on the nature and extent of 'the defendant's relationship to the forum State.'" *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017)).

The Supreme Court has recognized two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *Id.* General jurisdiction arises when the defendant has "continuous and systematic" contacts with the forum and "allows for jurisdiction over all claims against the defendant, no matter their connection to the forum." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018). Specific jurisdiction, on the other hand, "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co.*, 141 S. Ct. at 1024. To be subject to specific jurisdiction, the defendant must have acted to "purposefully avail[] itself of the privilege of conducting activities within the forum State" and "there must be an affiliation between the forum and the underlying controversy." *Id.* at 1024–25 (internal quotation marks and citation omitted).

No. 19-30993

We apply a three-prong test in determining whether the exercise of specific jurisdiction comports with the demands of due process. We evaluate whether (1) the defendant has formed minimum contacts with the forum state by purposely directing its activities toward the forum state or purposefully availing itself of the privileges of the state; (2) whether the cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Carmona*, 924 F.3d at 193 (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

## III.

We begin by noting the absence of general jurisdiction with respect to each of the defendants here.[1] The district court concluded that Alexander failed to establish such jurisdiction and he has proffered no argument on appeal challenging that conclusion or showing how any of the defendants are "at home" in Louisiana. *See Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Furthermore, the district court found that the fiduciary shield doctrine—which disallows exercising personal jurisdiction over individuals merely because they transact business in the forum as corporate officers, *see Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985)—barred it from exercising personal jurisdiction over the executives Castro Neves and Brito. And Alexander waives that issue on appeal by making no argument

---

[1] The foundation for our own jurisdiction over this appeal should be noted. We have jurisdiction over appeals from final orders. 28 U.S.C. § 1291. Typically, when a district court labels a judgment final without addressing all claims or defendants, it has not rendered a final decision for purposes of § 1291. *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999). Here, the district court did not rule on any claims against CT Corporation. Nonetheless, that has no bearing on our jurisdiction because Alexander raised no claims against CT Corporation. It was therefore unnecessary for the district court to dismiss claims against this defendant and the judgment ending the litigation is final and appealable.

challenging the district court's application of the fiduciary shield doctrine. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We turn next to specific jurisdiction, which Alexander—having failed to show general jurisdiction—must establish to prevail. We will address specific jurisdiction as to each of the remaining defendants, AB Worldwide and Anheuser-Busch, LLC, in turn.

Alexander contends that AB Worldwide "has constant contact with the State of Louisiana through sales products and employees." That conclusory contention, however, is contradicted by the facts in the record. The declarations in the record state that AB Worldwide has no business presence in Louisiana and it does not own an interest in any of the wholesalers who distribute its products there. And despite Alexander's assertion, there is no indication that AB Worldwide has any employees in Louisiana. Moreover, Alexander makes no argument challenging the district court's conclusion that the exercise of jurisdiction over AB Worldwide would not be fair or reasonable. Accordingly, Alexander has failed to establish specific jurisdiction over AB Worldwide.

Anheuser-Busch, LLC distributes products in Louisiana through independent, authorized wholesalers. While it has no regional office in the state, it does have seven employees there. And its sales in Louisiana account for two percent of its sales in the United States. Given the benefit of liberal construction, Alexander argues that Anheuser-Busch, LLC has sufficient minimum contacts with Louisiana by virtue of the presence of employees, the sale of products, and the presence of a registered agent. Perhaps on this much he is correct, but that is not enough to establish specific jurisdiction. He must also show that his claims arise out of or result from these forum-related contacts. *See Carmona*, 924 F.3d at 193. And while he need not show that

No. 19-30993

these contacts caused his injury, he must at least show that they are related to it. *See Ford Motor Co.*, 141 S. Ct. at 1026. He fails to do so.

Anheuser-Busch, LLC has contacts with Louisiana to the extent that it has employees there and it sells and distributes its products there through authorized agents. But Alexander's claims do not arise out of, or result from, those contacts. At the risk of overstating what is plain, we note that selling beer and poisoning beer are unrelated activities. Indeed, even a hint of engaging in the latter activity would presumably preclude any notable success in the former. Put simply, Alexander has not shown how selling beer in Louisiana is in any way related to his vague allegations of a conspiracy to poison his beer or harm him physically as he alleges. We consider the nexus between the two much too attenuated to support the exercise of specific jurisdiction over Anheuser-Busch, LLC.

AFFIRMED.