**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 09-35655 |
| Plaintiff - Appellee, | D.C. No. 3:01-cv-01283-PA |
| ERNEST BUSTOS, | MEMORANDUM[*] |
| Intervenor - Appellant, | |
| v. | |
| PAUL S. RUBERA, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted July 20, 2010[**]

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Intervenor-Appellant Ernest Bustos ("Bustos") appeals pro se an order of the

district court holding him in contempt for failure to obey the court's Order to Show

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cause. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm the district court.

Bustos is not a party to the ongoing receivership. *See SEC v. Ross*, 504 F.3d 1130, 1140-43 (9th Cir. 2007). Accordingly, he may appeal the contempt order and thereby challenge the district court's authority to issue the underlying show cause order. *See Perry v. Schwarzenegger*, 602 F.3d 976, 979 (9th Cir. 2010) (noting a nonparty seeking to challenge a court's order may do so "only by electing to ignore the order and appealing any ensuing contempt citation").

We conclude the district court had jurisdiction to issue the Order to Show Cause. Bustos brought himself within the district court's jurisdiction by committing seven purposeful acts in the forum that gave rise to this action. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957) (stating that a single action in the forum can be enough if it is the basis for the cause of action). Moreover, the district court had the inherent authority to determine if Bustos was using the court's docketing system to perpetuate a fraud. *Cf. Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987); *see also Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831-33 (1994). Finally, we conclude the district

[1] "Once the finding of contempt has been made and a sanction imposed, the order has acquired all the elements of operativeness and consequences necessary to be possessed by any judicial order to enable it to have the status of a final decision under § 1291." *Shuffler v. Heritage Bank,* 720 F.2d 1141, 1145 (9th Cir. 1983).

2

court did not abuse its discretion by holding Bustos in contempt and imposing sanctions based on Bustos' failure to comply with the Show Cause Order. *See Irwin v. Mascott*, 370 F.3d 924, 931-32 (9th Cir. 2004).

**AFFIRMED**.[2]

---

[2] We deny Bustos's pending "Request for Emergency Injunctive Relief." Without a new notice of appeal, we lack jurisdiction to review post-judgment orders. *Cf. Hilao v. Estate of Marcos*, 103 F.3d 762, 764 (9th Cir. 1996).