**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 12-35108 |
| Plaintiff - Appellee, | D.C. No. 3:01-cv-01283-PA |
| ERNEST BUSTOS, | MEMORANDUM[*] |
| Intervenor - Appellant, | |
| v. | |
| PAUL S. RUBERA, | |
| Defendant. | |

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 12-35415 |
| Plaintiff, | D.C. No. 3:01-cv-01283-PA |
| and | |
| ERNEST BUSTOS, Pay Phone Owners Legal Fund, L.L.C.; STEPHEN J. JOHNSON, | |
| Intervenors - Appellants, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

PAUL S. RUBERA,

        Defendant,

  and

ALLEN MATKINS LECK GAMBLE
MALLORY & NASTIS LLP; DAVID L.
OSIAS; DAVID R. ZARO,

        Movants - Appellees.

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted July 11, 2013[**]
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

These two interlocutory appeals are the latest chapters in years-long litigation spawned by the collapse of Alpha Telcom, a Ponzi scheme that trafficked in unregistered securities (*i.e.*, investments in payphones). *See SEC v. Ross*, 504 F.3d 1130 (9th Cir. 2007) (discussing the Alpha Telcom litigation); *SEC v. Rubera*,

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

350 F.3d 1084 (9th Cir. 2003) (same).  Both of the appeals now before us center, in some way, on the receiver charged with winding down Alpha Telcom.

In the first of these appeals (No. 12-35108), pro se Intervenor–Appellant Ernest Bustos complains that the district court erred by denying his requests to:  (1) issue an order to show cause why the receiver and everyone in his employ should not be barred permanently from working as receivers; (2) force the receiver to disgorge fees he collected in this case, and decline to pay him anything further; and (3) refer the receiver (and the SEC) to the United States Attorney's Office for investigation.  In denying Bustos's motion, the district judge entered an order that said, among other things, that an opinion addressing certain problems with the receiver would be forthcoming.  It is from that "stay-tuned" order that Bustos appeals.[1]

But our jurisdiction extends only to final orders, *see* 28 U.S.C. § 1291, and the district court's order is, on its face, not.  Nor did the district court enter an order appointing a receiver, or an order refusing to wind up a receivership—either of which would be subject to interlocutory appeal under 28 U.S.C. § 1292(a)(2).  (Bustos's request was only to remove a specific receiver, not to terminate the

---

[1] The district court has since entered a final order, from which no one timely appealed.

3

whole receivership.)  And the district court's order, which did not resolve any issue (it was not meant to), is certainly not the type of order from which the collateral order doctrine contemplates an appeal, *i.e.*, orders that "'resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action.'"  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)).  Accordingly, we dismiss the first appeal for lack of jurisdiction.

In the second appeal (No. 12-35415), Bustos (now represented) and Stephen Johnson (Bustos's attorney) appeal from an order directing them to dismiss a lawsuit they brought in the Western District of Texas.  That suit, on behalf of Bustos and an organization purporting to represent Alpha Telcom investors, charged the receiver and others—including the receiver's attorneys—with maladministering the Alpha Telcom receivership.  The district court ordered Bustos and Johnson to dismiss their Texas case, pursuant to the terms of an anti-suit injunction that was entered in the Alpha Telcom litigation to protect the receiver from harassment by lawsuit.  We review for abuse of discretion an order enforcing an injunction, *Cal. Dep't of Social Servs. v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008), and we affirm the district court.

Numerous cases, spanning centuries, carve a peculiar legal niche for suits-against-receivers; we resolve this case by looking to their progenitor. In *Barton v. Barbour*, 104 U.S. 126, 128–29 (1881), the Supreme Court set forth the general rule—which, with a specific exception, is now embodied in 28 U.S.C. § 959(a)—that a court may protect the receivers that it appoints from suit. The *Barton* rule's purpose is to prevent a subset of a receivership's creditors from suing the receiver to procure a judgment that comes from the receivership's coffers, thereby advantaging the litigious creditors over their more quiescent fellows when it comes time to distribute the receivership's assets. *Barton*, 104 U.S. at 128–29. None too subtly, this is what Bustos—with Johnson's aid—is attempting to do in the Texas lawsuit. The district court did not abuse its discretion by trying to put a stop to it.

**No. 12-35108 is DISMISSED; No. 12-35415 is AFFIRMED.**