968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas CIRAFICI, Plaintiff-Appellant,
v.
The CITY OF ITHACA, and Ithaca City School District,
Defendants-Appellees.
 No. 91-16099.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 1, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Cirafici appeals pro se the district court's denial of his motion to transfer his action to the United States District Court for the Northern District of New York. The district court dismissed his action against the City of Ithaca and Ithaca City School District for lack of personal jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the district court's denial of a motion to transfer pursuant to 28 U.S.C. §§ 1404(a) or 1406(a) for abuse of discretion. Lou v. Belzberg, 834 F.2d 730, 734 (9th Cir.1987) (section 1404(a)), cert. denied, 485 U.S. 993 (1988); Central Valley Typographical Union No. 46 v. McClatchy Newspapers, 762 F.2d 741, 745 (9th Cir.1985) (section 1406(a)). " '[O]nly in rare instances have appellate courts overridden a trial court's decision not to transfer.' " Allen v. Scribner, 812 F.2d 426, 437 (9th Cir.1987) (quoting Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir.1979)), opinion modified, 828 F.2d 1445 (9th Cir.1987).
 
 
 4
 Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The language of section 1404(a) and 1406(a) is clear; therefore, this court applies the plain meaning of the statutes. See Sacramento Regional County Sanitation Dist. v. Reilly, 905 F.2d 1262, 1268 (9th Cir.1990). The party moving for transfer of a case bears the burden of demonstrating transfer is appropriate. Commodity Futures Trading Comm'n, 611 F.2d at 279.
 
 
 5
 Here, Cirafici filed a one paragraph motion to transfer, which cited no statute and simply requested that the court transfer the case to New York if it determined it lacked jurisdiction to hear the case. Cirafici offered no reason for his request and provided no declaration or affidavit in support of his motion. Thus, Cirafici failed to meet his burden of demonstrating transfer was appropriate. See id. Accord Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir.1978) (because party seeking transfer failed to raise the issue of the convenience of witnesses and parties and to support such issue by affidavits, "there could be no abuse of discretion in not granting transfer on these grounds."), cert. denied, 440 U.S. 908 (1979); Harry Rich Corp. v. Curtiss-Wright Corp., 308 F.Supp. 1114, 1119 (S.D.N.Y.1969) (plaintiff requesting change of venue must demonstrate a change of circumstances). Accordingly, the district court did not abuse its discretion in denying his motion. See Lou v. Belzberg, 834 F.2d at 734; Central Valley Typographical Union, 762 F.2d at 745.
 
 
 6
 On appeal, Cirafici contends transfer is appropriate because his action may be time-barred in New York. An action may be transferred when it will be otherwise time-barred. Burnett v. New York Cent. R.R., 380 U.S. 424, 430 n. 7 (1965). Nevertheless, transfer is required only when it is in the interest of justice. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir.1986); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir.1983), cert. denied, 465 U.S. 1081 (1984).
 
 
 7
 We do not agree that the interest of justice requires that Cirafici's action be transferred. Cirafici was not diligent in prosecuting his action. He deliberately chose to file his action in Nevada rather than New York because he believed he could not get a fair hearing in New York, and did so shortly before the statute of limitations on his action expired. Moreover, Cirafici's action is meritless. The underlying complaint seeks damages associated with his attempted purchase of real property at a City of Ithaca tax sale. A bankruptcy court voided the tax sale because the sale violated an automatic stay of the property owner's bankruptcy case. The bankruptcy court determined Cirafici did not have any interest in the property, and the city returned Cirafici's purchase price plus interest to him. On these facts, the district court did not abuse its discretion in denying Cirafici's motion to transfer.[1] See Costlow, 790 F.2d at 1488; Commodity Futures Trading Comm'n, 611 F.2d at 279.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellee Ithaca City School District argues on appeal that it was not properly served with Cirafici's motion to transfer and that, therefore, the district court properly denied the motion. Because this court affirms the district court's judgment on other grounds, this court need not address this issue