# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2022

Lyle W. Cayce
Clerk

No. 21-30636

Stacy Seville, as Personal Representative of Peter Wojcikowski,

*Plaintiff—Appellant*,

*versus*

Maersk Line, Limited,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2727

Before Jones, Southwick, and Oldham, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:

Plaintiff filed suit in a district court that concededly had no personal jurisdiction over the defendant and no colorable basis for venue. The district court dismissed the suit and refused to transfer venue. We affirm.

I.

Peter Wojcikowski was a seaman employed by defendant-appellee Maersk Line, Ltd. (MLL). On October 28, 2017, while working aboard an MLL vessel berthed in Bahrain, he was involved in an accident and suffered

No. 21-30636

a back injury. He returned to the United States for treatment and, a few weeks later, died from a self-inflicted gunshot wound.

On October 6, 2020, acting as Mr. Wojcikowski's personal representative, plaintiff-appellant Stacy Seville filed this Jones Act negligence claim in the Eastern District of Louisiana. She argued Mr. Wojcikowski's back injury was the proximate cause of his death.

MLL moved to dismiss for lack of personal jurisdiction, arguing venue was improper because MLL is not subject to personal jurisdiction in the Eastern District of Louisiana. Seville opposed the motion without contesting any of MLL's jurisdictional arguments. Instead she requested transfer to the Eastern District of Virginia under 28 U.S.C. § 1406(a). The district court granted MLL's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, denied Seville's request to transfer under § 1406(a), and entered final judgment in favor of MLL. Seville timely appealed.

## II.

Everyone here agrees the Eastern District of Louisiana was not a proper venue for this lawsuit. Appellant says the district court nonetheless abused its discretion by denying the motion to transfer venue and dismissing the case. We disagree.

We (A) explain the venue and venue-transfer rules. Then we (B) explain why Seville failed to carry her burden to show transfer was warranted. Finally, we (C) hold the district court did not abuse its discretion in declining to transfer this case.

## A.

In suits brought under the Jones Act, venue is "proper in any district in which the defendant is subject to personal jurisdiction." 1 ADMIRALTY AND MARITIME LAW § 6:20 (6th ed., Dec. 2021 update) (citing 28 U.S.C.

§ 1391(c)); *see also* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides[.]"); *id.* § 1391(c)(2) ("[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]").

Where venue is improper, the district court should generally dismiss the case. But the court retains discretion to transfer it to a proper venue if such a transfer would serve "the interest of justice." 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice, transfer* such case to any district or division in which it could have been brought." (emphasis added)). Among the relevant considerations for determining whether transfer is in the interest of justice, courts examine the plaintiff's reasons for filing suit in the improper district in the first place and ask whether the "plaintiff's belief that venue was proper was in good faith and reasonable." 14D Charles Alan Wright et al., Federal Practice and Procedure § 3827 (4th ed. 2021) [hereinafter Wright & Miller].[1] And where a "plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper," courts

---

[1] The full paragraph reads: "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation. The reasons for doing so are especially compelling if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits, or if the defendant has misled the plaintiff on the facts relevant to venue. District courts also are likely to order transfer rather than dismissal if it would be more efficient or economical to do so or if the plaintiff's belief that venue was proper was in good faith and reasonable. These are far from the only reasons for a court to prefer transfer to dismissal. Indeed, it is enough simply that the district judge, in the sound exercise of discretion, concludes that transfer is in the interest of justice, as many courts have concluded." 14D Wright & Miller § 3827.

"often dismiss rather than transfer under Section 1406(a)" on the idea "that similar conduct should be discouraged." *Ibid.* That's because it is "obviously not 'in the interest of justice' to allow [§ 1406(a)] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district." *Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967).

That's true even where a statute of limitations might bar re-filing. Our court has long recognized that a district court retains discretion in such cases to deny a non-diligent plaintiff's request for transfer. *See, e.g.*, *ibid.* ("[The] statute of limitations" would be "frustrated by" § 1406 if that statute could be "used to aid a non-diligent plaintiff[.]"). Numerous other courts agree.[2] The rule is clear and well-established: A district court may deny a request for transfer under § 1406 and dismiss the case where transfer would reward the

---

[2] *See, e.g.*, *Stanifer v. Brannan*, 564 F.3d 455, 460 (6th Cir. 2009) (explaining court's discretion to deny transfer where there was no "assertion of . . . personal jurisdiction that provided some arguable basis for thinking that the action was properly brought in the district in which it was originally filed," even if re-filing is time-barred); *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1202 (4th Cir. 1993) ("[A] district court does not abuse its discretion when it denies, as not in the interest of justice, a plaintiff's [transfer request under § 1406] because the plaintiff's attorney could reasonably have foreseen that the forum in which he/she filed was improper."); *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) (denying transfer where plaintiff sought "to avoid a statute of limitations defect through a transfer of venue" because it "would reward plaintiffs for their lack of diligence"); *Cirafici v. City of Ithaca*, 968 F.2d 1220 (unpublished table decision), 1992 WL 149862, at *2 (9th Cir. 1992) (holding transfer not in the interest of justice where plaintiff "was not diligent in prosecuting his action," even though plaintiff's "action may be time-barred"); *Deleski v. Raymark Indus., Inc.*, 819 F.2d 377, 381 (3d Cir. 1987) ("It is not in the 'interest of justice' to transfer this case . . . upon appellant's tardy discovery that her complaint is time-barred."); *Coté v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (denying transfer request where limitations period had run and "[e]lementary prudence would have indicated to [plaintiff's] lawyer that he must file a protective suit" in the forum "where the plaintiff can get personal jurisdiction over the defendant before, not after, the statute of limitations runs").

plaintiff's lack of diligence—even if the dismissal means the plaintiff will be time-barred from filing again in a proper venue.

## B.

Appellant failed to carry her burden to show transfer was warranted here. That's because (1) MLL is not subject to personal jurisdiction in the Eastern District of Louisiana and (2) that fact was entirely foreseeable to any attorney exercising any amount of diligence.

### 1.

The Eastern District of Louisiana cannot assert general personal jurisdiction over MLL. Nor can it assert specific personal jurisdiction over MLL. So MLL is not subject to personal jurisdiction in the district where appellant filed suit.

First, general personal jurisdiction. A court may assert general personal jurisdiction over foreign corporations "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quotation omitted). There are two "paradigm" forums in which a corporate defendant is "at home." *Ibid.* (quotation omitted). They are (1) the corporation's place of incorporation and (2) its principal place of business. *See ibid.* Beyond those two "paradigm" forums, there may also be "exceptional case[s]" where the exercise of general jurisdiction is appropriate because a corporate defendant's operations are "so substantial and of such a nature as to render the corporation at home" in the forum State. *Ibid.* (quotation omitted). But it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Frank v. P N K (Lake Charles) LLC*, 947 F.3d 331, 337 (5th Cir. 2020) (quotation omitted).

MLL is incorporated in Delaware. Its principal place of business is in Virginia. And appellant offers no reason whatsoever to think this might be "the exceptional case" where MLL's activities in Louisiana are so substantial as to render it at home there. So MLL is not subject to general personal jurisdiction in the Eastern District of Louisiana.

Second, specific personal jurisdiction. Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quotation omitted). It "arises when a defendant's minimum contacts with a forum state are related to the pending lawsuit." *E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 296 (5th Cir. 2020). Our court applies a three-prong analysis: We consider "(1) whether the defendant has minimum contacts with the forum [S]tate, i.e., whether it purposely directed its activities toward the forum [S]tate or purposefully availed itself of the privileges of conducting activities there." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). Then we analyze "(2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts." *Ibid.* Finally, we ask "(3) whether the exercise of personal jurisdiction is fair and reasonable." *Ibid.* It's the plaintiff's burden to establish the first two prongs. *See E. Concrete Materials*, 948 F.3d at 296.

Appellant can't meet that burden. Her complaint alleged that MLL does business in Louisiana and is amenable to process there. But there is simply no basis to conclude appellant's cause of action arises out of those forum-related contacts. All agree the cause of action arises out of events that took place far from Louisiana in the waters of Bahrain, and appellant has made no effort to connect the accident in Bahrain to MLL's business in Louisiana. Absent any attempt to explain the relationship between the

defendant, the forum, and this litigation, there is no way for appellant to establish specific jurisdiction.

2.

A district court might excuse this sort of mistake where plaintiff's attorney could not reasonably have anticipated the venue problem. That's especially true if it becomes clear the defendant is at fault—where, for example, "the defendant has misled the plaintiff on the facts relevant to venue." 14D Wright & Miller § 3827. But where "the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper," *ibid.*, transfer is normally unwarranted. And here, it was entirely foreseeable that the Eastern District of Louisiana lacked personal jurisdiction over MLL.

It is evident from the face of the complaint that MLL is not subject to general jurisdiction in the Eastern District of Louisiana. The complaint alleged that MLL is a Delaware corporation with its principal place of business in Virginia. And the complaint is devoid of any allegations that come close to suggesting MLL's activities in Louisiana are so substantial as to render it at home there. So "elementary prudence" should have revealed to Seville's attorney that the Eastern District of Louisiana lacked general personal jurisdiction over MLL. *Coté v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).

So too with specific jurisdiction. As already explained, nothing in appellant's filings suggests a connection between defendant's forum-related contacts and this litigation. Moreover, appellant openly *admitted* there was no basis for thinking such a connection existed: When asked at oral argument to identify the connection between this lawsuit and the chosen forum, appellant's attorney told us "there isn't a connection, other than that we [appellant's attorneys] actually practice here [in the Eastern District of

Louisiana]." Oral Arg. at 9:20–9:35. It should go without saying that an attorney cannot choose a venue based on personal convenience.

Nor can an attorney file in the wrong venue and hope his opponent doesn't object. At oral argument, appellant's counsel purported to justify filing in the wrong venue on the ground that personal jurisdiction is waivable. *See* Oral Arg. at 11:40–12:30 (Q: "So it's okay for your law firm to file any suit at all in the district where you practice and place the burden on the defendant to transfer to the proper venue at any time, is that what you think § 1406 says?" A: "...I'm saying yes to your question because there's always a chance that they waive the jurisdiction themselves."). It's true that personal jurisdiction is waivable. It's also irrelevant. That's because the Federal Rules of Civil Procedure require a good-faith and colorable basis for *every* representation made to a federal court—no matter whether the other side objects. Specifically:

> REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

FED. R. CIV. P. 11(b)(2).

Appellant's attorney filed the complaint in the Eastern District of Louisiana and represented that "MLL is subject to and within the jurisdiction and venue of [that] Court." Yet at oral argument, counsel stated

that he (1) believed he needed no colorable basis for filing in that district, (2) in fact had no colorable basis for the representation he made as to jurisdiction and venue, (3) had known from the start that his only real chance of establishing personal jurisdiction and venue was if the defendant failed to object, and (4) figured he could always obtain a transfer under § 1406 if it turned out defendant objected. Those statements are equal parts disturbing and surprising. Today we hold that such admissions not only foreclose transfer under § 1406, on defendant's objection, but also give rise to Rule 11 violations.

## C.

Section 1406 "confer[s] broad discretion in ruling on a motion to transfer." *Stanifer v. Brannan*, 564 F.3d 455, 456–57 (6th Cir. 2009). And a district court's decision to deny a motion to transfer venue "will not be reversed on appeal absent an abuse of discretion." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

It was clearly not an abuse of discretion for the district court to deny appellant's motion to transfer venue in this case. Appellant's attorney, by his own admission, knew there was no colorable basis for laying venue in the Eastern District of Louisiana. We have long made clear that it is "obviously not in the interest of justice to allow [§ 1406] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district." *Dubin*, 380 F.2d at 816 n.5 (quotation omitted).

\*    \*    \*

For these reasons, we AFFIRM the district court's order dismissing the case for lack of personal jurisdiction and denying appellant's request to transfer under 28 U.S.C. § 1406.